# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRIAN EISENHUTH,

        Plaintiff,

    v.

ACPI WOOD PRODUCTS, LLC d/b/a
CABINETWORKS GROUP, *et al.*,

        Defendants.

No. 4:20-CV-02362

(Judge Brann)

## MEMORANDUM OPINION

### AUGUST 11, 2021

## I.  BACKGROUND

On December 16, 2020, Plaintiff Brian Eisenhuth filed a five-count complaint against Defendants ACPI Wood Products, LLC ("ACPI"), Lincoln Life Assurance Company of Boston ("Lincoln"), and Local 2837 of United Brotherhood of Carpenters and Joiners of America ("Local 2837").[1]  Eisenhuth asserts claims under the Americans with Disabilities Act ("ADA"), the Family Medical Leave Act ("FMLA"), and the Pennsylvania Human Relations Act ("PHRA").  Lincoln and Local 2837 subsequently filed motions to dismiss.[2]

Defendants' motions are now ripe for disposition; for the reasons that follow, they are granted.

---

[1]  Doc. 1.

[2]  Doc. 8; Doc. 17.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed, in whole or in part, if the plaintiff has failed to "state a claim upon which relief can be granted."  A motion to dismiss "tests the legal sufficiency of a pleading"[3] and "streamlines litigation by dispensing with needless discovery and factfinding."[4]  Where applicable, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[5]  This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[6]

Following the Roberts Court's "civil procedure revival,"[7] the landmark decisions of *Bell Atlantic Corporation v. Twombly*[8] and *Ashcroft v. Iqbal*[9] tightened the standard that district courts must apply to 12(b)(6) motions.[10]  These cases "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[11]  Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain

---

[3]   *Richardson v. Bledsoe*, 829 F.3d 273, 289 n.13 (3d Cir. 2016) (Smith, C.J.) (citing *Szabo v. Bridgeport Machs., Inc.,* 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.).

[4]   *Neitzke v. Williams,* 490 U.S. 319, 326–27 (1989).

[5]   *Id.* at 326 (citing *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)).

[6]   *Id.* at 327.

[7]   Howard M. Wasserman, The Roberts Court and the Civil Procedure Revival, 31 Rev. Litig. 313, 316, 319-20 (2012).

[8]   550 U.S. 544 (2007).

[9]   556 U.S. 662, 678 (2009).

[10]  *Id.* at 670 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

[11]  *Id.* (citing *Conley*, 355 U.S. at 41).

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[12]

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[14] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[15]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[16] No matter the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[17] Likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[18]

---

[12]  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).
[13]  *Id.*
[14]  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780 (3d Cir. 2016) (Jordan, J.) (internal citations omitted).
[15]  *Twombly*, 550 U.S. at 556.
[16]  *Iqbal*, 556 U.S. at 679.
[17]  *Id.* at 678 (internal quotations omitted) (quoting *Twombly*, 550 U.S. at 557).
[18]  *Id.*

Nevertheless, when disposing of a motion to dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw[s] all inferences from the facts alleged in the light most favorable to [the plaintiff]."[19]  The Court is not, however, required to apply this tenet to legal conclusions.[20]  As a matter of procedure, the United States Court of Appeals for the Third Circuit has directed district courts evaluating Rule 12(b)(6) motions to proceed in three steps:

(1)   The court must "tak[e] note of the elements [the] plaintiff must plead to state a claim";

(2)   The court "should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth"; and

(3)   "When there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief."[21]

## III.   FACTS ALLEGED IN THE COMPLAINT

Since childhood, Eisenhuth has been diagnosed with Type 1 diabetes.[22]  In July 2019, Eisenhuth began using an OmniPod insulin-delivery system with the approval of his doctor.[23]  At the time, Eisenhuth was employed at ACPI as a machine operator.[24]  In adjusting to the OmniPod, Eisenhuth suffered from several side effects which caused him to need to leave work early, arrive at work late, or

---

[19]   *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).

[20]   *Iqbal*, 556 U.S. at 678; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss.").

[21]   *Connelly*, 809 F.3d at 787 (internal quotations and citations omitted).

[22]   Doc. 1 at ¶ 11.

[23]   *Id.* at ¶¶ 13-14.

[24]   *Id.* at ¶ 12.

call out from work entirely.[25]  Despite providing ACPI with medical paperwork, Eisenhuth received a written warning on or about February 3, 2020 for accumulating 4.25 "attendance points."[26]

Eight days later, Eisenhuth contacted Lincoln, ACPI's "third-party leave administrator," regarding applying for intermittent FMLA leave.[27]  On or about March 3, 2020, Eisenhuth's doctor faxed Lincoln the appropriate paperwork.[28] Eisenhuth's application was nevertheless denied as incomplete.[29]  Eisenhuth's doctor again sent the paperwork on March 10, 2020.[30]  During this time, Eisenhuth spoke with ACPI's human-resources representative several times regarding his leave application.[31]  He was told that the requested information had not been received.[32]

On March 18, 2020, Eisenhuth received a five-day suspension from ACPI for accumulating 7.5 attendance points.[33]  Eisenhuth was then terminated on March 28, 2020.[34]  Two days later, Eisenhuth met with Local 2837 representatives to prepare a grievance.[35]  Eisenhuth had spoken with another of his doctors, who

---

[25]  *Id.* at ¶ 15.
[26]  *Id.* at ¶¶ 16-17.
[27]  *Id.* at ¶ 18.
[28]  *Id.* at ¶ 19.
[29]  *Id.* at ¶ 20.
[30]  *Id.* at ¶ 21.
[31]  *Id.* at ¶ 22.
[32]  *Id.*
[33]  *Id.* at ¶ 24.
[34]  *Id.* at ¶ 30.
[35]  *Id.* at ¶ 33.

agreed to submit an FMLA leave certification to aid Eisenhuth in getting his job back.[36]  The doctor submitted the certification on or about April 1, 2020, although it was ultimately rejected the next day by Lincoln.[37]

On April 9, 2020, Local 2837 informed Eisenhuth that his termination would stand and that nothing more could be done.[38]  At some point in time, Eisenhuth discovered that his union grievance had not been timely filed.[39]  Though Eisenhuth had prepared the grievance on March 30, 2020, it was not filed until April 13, 2020.[40]  This was outside the seven-day filing period provided for by the governing collective-bargaining agreement.[41]  Eisenhuth filed the present lawsuit on December 16, 2020.

## IV.   DISCUSSION

### A.   Lincoln

Lincoln seeks to dismiss all counts against it because it is not a joint employer under the ADA, FMLA, or PHRA.  The relevant test for determining whether an entity constitutes a joint employer under these statutes was articulated by *In re Enterprise Rent-A-Car Wage and Hour Employment Practices Litigation*.[42]  This test asks whether the alleged employer has: "(1) authority to hire

---

[36]  *Id.* at ¶ 32.
[37]  *Id.* at ¶¶ 35-36.
[38]  *Id.* at ¶¶ 37-38.
[39]  *Id.* at ¶ 42.
[40]  *Id.*
[41]  *Id.*
[42]  683 F.3d 462, 469 (3d Cir. 2012); *Shaffer v. Wexford Health Sources, Inc.*, 2018 WL 3388461, at *3 (W.D. Pa. July 12, 2018) ("Though articulated in the context of an FLSA claim, the

and fire employees; (2) authority to promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours; (3) day-to-day supervision, including employee discipline; and (4) control of employee records."[43]

It is obvious from the face of the complaint that Eisenhuth has not pled facts establishing that Lincoln constituted a joint employer.  Eisenhuth alleges only that Lincoln is a "third-party leave administrator," and that it received and processed Eisenhuth's request for leave.  Beyond this, Eisenhuth offers neither allegations detailing the relationship between Lincoln and ACPI, nor facts demonstrating that Lincoln exercised any level of control over Eisenhuth's employment. Consequently, Lincoln's motion to dismiss is granted.

### B.    Local 2837

Local 2837 seeks to dismiss the ADA, FMLA, and PHRA claims against it because it is not alleged to have personally engaged in discriminatory conduct.  It further argues that these claims, including Eisenhuth's breach of fiduciary duty claim under the PHRA, are preempted under the National Labor Relations Act ("NLRA").  Local 2837 requests that the claims be dismissed with prejudice as the

---

*Enterprise* factors have been applied to evaluate 'joint employer' claims in the context of the ADA and PHRA."); *Keating v. Pittston City Hous. Auth.*, 2018 WL 1414459, at *5 (M.D. Pa. Mar. 21, 2018) (applying the *Enterprise* factors to an FMLA claim).  Joint employment under the FMLA is also governed by federal regulation.  29 C.F.R. § 825.106.

[43]    *Enterprise*, 683 F.3d at 469.

only claim which could be brought under the NLRA would be barred by the relevant statute of limitations.

### 1. Discrimination Claims

Eisenhuth's claims asserting discrimination under the ADA, FMLA, and PHRA must be dismissed. In *Anjelino v. New York Times Co.*, the Third Circuit held that, to be held liable for discrimination under Title VII, a union must have "itself instigated or actively supported the discriminatory acts allegedly experienced by" the plaintiff.[44] Under this rule, a plaintiff must allege that a union or its agents[45] affirmatively advanced, encouraged, or instigated the discrimination.[46]

Eisenhuth fails to state a claim under *Angelino* because he does not allege that Local 2837 instigated or supported the discrimination identified in the complaint. The most that can be said is that the union failed to file Eisenhuth's grievance within the relevant seven-day filing window. But this, by itself, does not

---

[44] *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 95 (3d Cir. 1999) (emphasis omitted). As the ADA, FMLA, and PHRA mirror Title VII, *Angelino* is fully applicable. *Churchill v. Star Enter.*, 183 F.3d 184, 193 (3d Cir. 1999); *Martinez v. Int'l Brotherhood of Elec. Workers-IBEW Loc. Union No. 98*, 352 Fed. Appx. 737, 740 (3d Cir. 2009).

[45] The conduct of individual union officers may be attributed to the union under common-law theories of agency. *Urichuck v. Clark*, 689 F.2d 40, 43 (3d Cir. 1982); *Kovach v. Serv. Pers. & Emps. of the Dairy Indus., Loc. Union No. 205*, 48 F. Supp. 3d 469, 480 (W.D. Pa. 2014).

[46] *E.g.*, *Hubbell v. World Kitchen, LLC*, 717 F. Supp. 2d 494, 500-01 (W.D. Pa. 2010) (discussing union-discrimination claims post-*Anjelino*); *Webb v. Int'l Brotherhood of Elec. Workers*, 2005 WL 2373869, at *6 (E.D. Pa. Sept. 23, 2005) (holding a union's alleged inaction and constructive endorsement of discrimination insufficient to state a claim under Title VII); *see also Ponton v. U.S. Dep't of Justice/U.S. E.E.O.C.*, 2010 WL 11595302, at *10 (E.D. Pa. Mar. 9, 2010) (noting that while the deliberate choice not to file a grievance may violate Title VII, a plaintiff must allege bad faith).

constitute discrimination or instigation and is therefore insufficient to state a claim under the ADA, FMLA, or PHRA.  Accordingly, Local 2837's motion to dismiss these claims is granted.

### 2.    Breach of Fiduciary Duty Claim

Eisenhuth's remaining claim for breach of fiduciary duty is also dismissed. The NLRA restricts states from regulating activity that "the NLRA protects, prohibits, or arguably protects or prohibits."[47]  "Because 'conflict is imminent' whenever 'two separate remedies are brought to bear on the same activity' . . . [preemption] prevents States not only from setting forth standards of conduct inconsistent with the substantive requirements of the NLRA, but also from providing their own regulatory or judicial remedies" for conduct within the NLRA's scope.[48]

However, "[a] fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them."[49]  This means that, where possible, a court should generally resolve a case on non-constitutional grounds before addressing

---

[47]  *Chamber of Com. of U.S. v. Brown*, 554 U.S. 60, 65 (2008) (citation omitted); *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245 (1959).

[48]  *Wis. Dep't of Indus., Lab. & Human Rels. v. Gould Inc.*, 475 U.S. 282, 286 (1986) (internal citations omitted).

[49]  *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988); *Powell v. Ridge*, 189 F.3d 387, 402-03 (3d Cir. 1999), *overruled on other grounds by Alexander v. Sandoval*, 532 U.S. 275 (2001).

constitutional questions such as federal preemption.[50]  Because Eisenhuth fails to state a cognizable claim on the face of the complaint, the Court declines to reach the issue of preemption.[51]

## V.    CONCLUSION

Defendants' motions to dismiss pursuant to Rule 12(b)(6) are granted, but Eisenhuth is granted leave to amend.  If no amended complaint is filed, Eisenhuth's claims against Lincoln and Local 2837 will be summarily dismissed with prejudice.

An appropriate Order follows.

BY THE COURT:


s/ Matthew W. Brann
Matthew W. Brann
Chief United States District Judge

---

[50]   *See N.J. Payphone Ass'n, Inc. v. Town of West New York*, 299 F.3d 235, 249 (3d Cir. 2002) (holding that constitutional avoidance is not *required* in cases involving preemption while acknowledging that considerations of jurisdiction and federalism may weigh in favor of judicial restraint).

[51]   Count V of the complaint asserts a cause of action for breach of fiduciary duty in violation of the PHRA.  In support, however, Eisenhuth cites a single case addressing the duties of a labor union under the Pennsylvania Labor Relations Act ("PLRA").  *Case v. Hazelton Area Educ. Support Pers. Ass'n*, 928 A.2d 1154 (Pa. Commw. Ct. 2007); *see* 43 P.S. § 211.1 *et seq.*  Since the PHRA does not give rise to a cause of action for violations of the PLRA, Eisenhuth's claim must be dismissed.